# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MARCELLA REGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-2015-958-D |
| | ) | |
| (1) DISCOVER, | ) | |
| | ) | |
| Issuing Credit Card Company, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant, Discover Products Inc. ("Discover")[1], pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves the Court to dismiss Plaintiff's claims against Discover for violations of the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.*, and the Oklahoma Uniform Consumer Credit Code, Okla. Stat. tit. 14A § 1-101, *et seq.* In support, Discover shows the Court as follows:

## INTRODUCTION

Plaintiff's Petition alleges that her home caregiver stole her Discover credit card, incurred unauthorized charges, and prevented her from seeing her credit card statements. *See* Compl. at ¶¶ 6-7. But this lawsuit is not against Plaintiff's caregiver. Instead, Plaintiff seeks to impose liability on Discover for allegedly refusing to credit the "unauthorized charges" back to her account. *See* Compl. at ¶¶ 10-12.

---

[1] "Discover" is not a properly named Defendant in this case. The proper party to respond to Plaintiff's Petition is Discover Products Inc.

Even accepting Plaintiff's allegations as true for purposes of this Motion, Plaintiff has failed to state plausible claims for relief under either the Fair Credit Billing Act ("FCBA") or the Oklahoma Uniform Consumer Credit Code ("UCCC"). Therefore, Plaintiff's claims should be dismissed.

## STANDARD OF DISMISSAL

Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if it does not contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This standard requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Rather, it requires a "complaint [that] sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Dill v. Comenity Bank/Sports Authority*, 2014 WL 1432502, at *1 (W.D. Okla. April 14, 2014) (slip copy) (citing *Lane v. Simon*, 595 F.3d 1182, 1186 (10th Cir. 2007)).

## ARGUMENT & AUTHORITIES

**I.　　Plaintiff fails to allege a plausible claim under the FCBA.**

The FCBA is a specific part of the Truth in Lending Act that imposes certain obligations on creditors who extend "consumer credit." *Langenfeld v. Chase Bank USA, N.A.*, 537 F.Supp.2d 1181, 1192 (N.D. Okla. 2008); 15 U.S.C. § 1602(h) (defining "consumer credit"). "Relevant to this case, the FCBA sets forth a dispute resolution procedure for the 'correction of billing errors' on consumer credit statements."

2

*Langenfeld*, 537 F.Supp.2d at 1192; *see also Gray v. Am. Express Co.*, 743 F.2d 10, 13 (D.C. Cir. 1984) ("[FCBA] seeks to prescribe an orderly procedure for identifying and resolving disputes between a cardholder and a card issuer as to the amount due at any given time.").

The "dispute resolution" procedure under the FCBA begins with proper notice of a billing error, which must be provided by the obligor. *Langenfeld*, 537 F.Supp.2d at 1192. Upon receipt of proper notice, the FCBA prescribes certain requirements with which a creditor must comply. *Id.* In *Middleton v. Rogers Ltd., Ins.*, the Federal Court for the Southern District of Ohio summarized the process this way:

> Section 1666(a) provides that if, within sixty days after having sent an obligor a statement of his or her account, the creditor receives a written notice from the obligor indicating his or her belief that the statement contains a billing error, the amount of the error, and the reason for believing there is an error, the creditor must make corrections in the account or investigate and explain why the account is correct prior to taking any action to collect the amount.

*See* 804 F. Supp. 2d 632, 637 (S.D. Ohio 2011) (citing 15 U.S.C. § 1666(a)). Thus, to succeed on a claim under the FCBA, a plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the card issuer to comply with the procedural requirements in § 1666. *Beaumont v. Citibank (S.D.) N.A. & Chase Bank*, 2002 WL 483431, *3 (S.D.N.Y. March 28, 2002).

In this case, Plaintiff has wholly failed to allege a set of facts that could plausibly demonstrate a violation of the FCBA. First, Plaintiff does not allege that she provided notice to Discover that satisfies the "content requirement" of § 1666(a). *See Langenfeld*, 537 F.Supp.2d at 1192 (explaining the "content requirement"). For example, there are no

3

allegations in the Complaint suggesting that Plaintiff's "Affidavit of Fraud" included the required information. *See* Compl. at ¶ 10; *Id.* at 1193 ("[A]n obligor must comply with § 1666(a)(1)-(3) by: (1) providing identifying information of [her] name and account number; (2) indicating [her] belief that [her] statement contains one or more of the seven types of 'billing errors' set forth in § 1666(b) and the amount(s) thereof; and (3) to the extent applicable, setting forth the reasons for such relief."). At a minimum, Plaintiff would have to allege that she identified one or more specific "billing errors" and one or more of the specific statements reflecting such error(s). *Esquibel v. Chase Manhatten Bank USA, N.A.*, 487 F.Supp.2d 818, 827 (S.D. Tex. 2007) ("The written notice must point out some perceived problem with a statement that meets the statutory definition of billing error."). The failure to do so precludes her claim. *Owusu v. N.Y. State Inc.*, 655 F. Supp. 2d 308, 321-22 (S.D.N.Y. 2009) (court granted summary judgment in favor of bank where plaintiff failed to identify specific statements and failed to notify bank of billing error within 60 days).

Second, Plaintiff does not allege that she satisfied the "time" requirement for notices of billing errors. *Langenfeld*, 537 F.Supp.2d at 1192-93 (an obligor must submit a notice within "sixty days of the creditor's transmission of the allegedly erroneous statement"). In fact, Plaintiff admits she did not submit the "Affidavit of Fraud" to Discover until June 4, 2013. *See* Compl. at ¶ 10. The unauthorized charges, however, allegedly occurred from "September 2011 to March 2013" and were discovered by Plaintiff by at least March 18, 2013 *Id.* at ¶¶ 6-9 (stating that she filed a police report on March 18, 2013 after discovery of the "fraudulent activity"). Accepting Plaintiff's

4

allegations, then, the Complaint establishes that she failed to notify Discover of any alleged billing errors within the statutory time period. *Langenfeld*, 537 F. Supp. 2d at 1202 ("Under the FCBA, a creditor is obligated to respond to a notice of billing error only if it is received within sixty days after the creditor transmitted the account statement that contained the error."). This is fatal to her claim. *See, e.g., Middleton,* 804 F. Supp. 2d. at 638 (FCBA claim against bank was dismissed under 12(b)(6) because plaintiff did not sufficiently allege that she gave timely notice); *Camacho v. J.P. Morgan Chase*, 2015 WL 3872332, at *5 (D. Mass. June 23, 2015) (granting 12(b)(6) motion to dismiss where plaintiff's complaint merely alleged approximate dates at which unauthorized charges occurred and where the court could not "discern whether the statements . . . were received within sixty days of [p]laintiff's report to [d]efendant").

Plaintiff's failure to allege satisfaction of the content and time requirements under § 1666 dooms her claim before it gets off the ground. *See Langenfeld*, 537 F.Supp.2d at 1193 ("If the written notice provided by the obligor does not satisfy both the Content Requirement and Timeliness Requirement, the creditor's Compliance Duties are not triggered."); *Camacho*, 2015 WL 3872332, at *5 (D. Mass. June 23, 2015) ("Here, the court need not delve into the alleged violations of the procedural requirements of Section 1666 because Plaintiff has not included sufficient factual detail to support an inference that he timely notified Defendant of each billing error, an element of all Section 1666 claims."). However, even assuming *arguendo* Discover's obligations under the FCBA were triggered, Plaintiff does not allege a plausible claim that Discover violated them.

5

Plaintiff's Complaint merely states "Defendant has not credited the unauthorized charges back to Plaintiff Regan's credit card, leaving her liable for such unauthorized debt." *See* Compl. ¶ 11. But this is not what the FCBA requires; instead, it requires a creditor to follow certain procedures upon receipt of a proper notice. *See* 15 U.S.C. § 1666(a)(A) and (B). These procedures may include "a written correction of the billing error or explanation of why the billing error was not corrected." *Langenfeld*, 537 F.Supp.2d at 1193. If (and only if) these procedures—which are not even mentioned in Plaintiff's Complaint—are violated, then an obligor may pursue a private right of action under the FCBA. *Id.* ("If an obligor satisfies the Content Requirement and the Timeliness Requirement and the creditor fails to comply with its Compliance duties, the obligor may pursue a private right of action […].").

In sum, Plaintiff's Complaint lacks factual allegations showing that Discover's obligations under the FCBA were even triggered, much less violated. Therefore, Plaintiff has failed to "nudge [her] claims across the line from conceivable to plausible," and her Complaint should be dismissed. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

## II. Plaintiff cannot state a claim under the UCCC.

Plaintiff's allegations related to Discover's alleged failure to properly respond to her "Affidavit of Fraud" are governed exclusively by the FCBA. *Langenfield*, 537 F. Supp. 2d. at 1204 n. 25 ("If and to the extent Plaintiff's claims arising under the [UCCC] are based on the Creditor Defendants' failures to respond to his Notices, such claims are not recognized by the [UCCC].") *citing* Okla. Admin. Code 160:45-1-1(a) ("Oklahoma

does not have a Fair Credit Billing Act; thus, creditors in Oklahoma should recognize that regulation of fair credit billing requirements lies with federal authorities."). Nevertheless, the Complaint purports to state a claim under the UCCC. Plaintiff's factual allegations, however, do not entitle her to relief under the UCCC.

The only discernible connection between the UCCC and Plaintiff's Complaint is the allegation that Discover "advertises $0 fraud liability for its cardholders on its website" but does not "seem [to] follow through with such promises." *See* Petition ¶ 13. Reading this allegation generously, Plaintiff appears to be suggesting that Discover has engaged in false or misleading advertising. But the UCCC does not create civil liability to consumers for violations of the "false advertising" restrictions in the UCCC. In fact, such claims are specifically exempted from those which trigger civil liability to consumers. *See* Okla. Stat. tit. 14A § 5-203. With no other conceivable basis for relief under the UCCC, this claim should also be dismissed.

## **CONCLUSION**

Plaintiff has failed to state a claim for relief against Discover under the FCBA or the UCCC. Therefore, Discover respectfully moves the Court to dismiss Plaintiff's Complaint and award all other and further relief the Court deems just and proper.

7

Respectfully submitted,

*/s/ Jared R. Boyer*
RODNEY K. HUNSINGER, OBA #19839
JARED R. BOYER, OBA #30495
MCAFEE & TAFT A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
rodney.hunsinger@mcafeetaft.com
jared.boyer@mcafeetaft.com
*Attorneys For Defendant*

## CERTIFICATE OF SERVICE

☐ I hereby further certify that on September 10, 2015, I served the attached document via first-class mail with proper postage fully prepaid on the following, who are not registered participants of the ECF system:

John W. Cloar, Esq.
3750 West Main Street
Norman, OK 73072
405/801-2515; 405/321-8577 (FAX)
jcloar@johncloar.com
*Attorney For Plaintiff*

Amelia B. Recla, Esq.
3750 West Main Street
Norman, OK 73072
405/310-2029; 888/806-9850 (FAX)
Amelia.recla@normanoklawyer.com
*Attorney For Plaintiff*

*/s/ Jared R. Boyer*
JARED R. BOYER