# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCELLA REGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-958-D |
| | ) | |
| DISCOVER, Issuing Credit Card Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 5], filed pursuant to Fed. R. Civ. P. 12(b)(6) by Discover Products, Inc., which identifies itself as the proper defendant in this action. Defendant asserts that Plaintiff's pleading fails to state a claim under the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666 *et seq.*, or Oklahoma's Uniform Consumer Credit Code (UCCC), Okla. Stat. tit. 14A, § 1-101 *et seq.*, and this action should be dismissed. Plaintiff has filed no timely response.[1] In the exercise of discretion authorized by LCvR7.1(g), the Court deems the Motion confessed. For this reason, and because Defendant's arguments have merit, the Court grants the Motion.

This action was commenced in state court on June 8, 2015, and timely removed to federal court on September 3, 2015. Plaintiff alleges that she had an individual credit card account with Defendant, that an unauthorized person used her credit card for unauthorized

---

[1] On September 24, 2015, Plaintiff filed a motion seeking an extension of time to respond, which was stricken for failure to comply with the Court's local rules. Plaintiff has made no other filing of record.

transactions between September 2011 and March 2013, that Plaintiff was prevented from discovering the fraudulent activity until March 2013, that Plaintiff filed an affidavit of fraud with Discover Financial Services on June 4, 2013, and that Defendant did not correct the unauthorized charges but, instead, continued to add finance charges and interest to the disputed debt. Plaintiff also alleges that "Defendant advertises $0 fraud liability for its cardholders on its website; however, it does not seem that they follow through with such promises." *See* Petition [Doc. No. 1-1], ¶ 13.

FCBA added certain provisions to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. "A primary provision, and the one at issue in this case, . . . applies whenever a creditor transmits to an obligor 'a statement of the obligor's account in connection with an extension of consumer credit.'" *Am. Express Co. v. Koerner*, 452 U.S. 233, 235 (1981) (quoting 15 U.S.C. § 1666(a)). FCBA imposes certain duties on a creditor who receives written notice of the obligor's belief that the statement contains a billing error, as defined by § 1666(b). *See Koerner*, 452 U.S. at 236. "A creditor that fails to comply with [§ 1666(a)] forfeits its right to collect the first $50 of the disputed amount including finance charges . . . , [and] pursuant to regulations of the Federal Reserve Board, a creditor operating an 'open end consumer credit plan' may not restrict or close an account due to an obligor's failure to pay a disputed amount until the creditor has sent the written explanation required by [§ 1666(a)]." *Id.* at 237 (quoting 15 U.S.C. § 1666(d) and citing 15 U.S.C. § 1666(e)). The obligor's satisfaction of the timeliness and content requirements of § 1666(a)(1)-(3) triggers the compliance duties of the creditor to "follow the procedures outlined in § 1666(a)(A) and (B), which include,

*inter alia*, a written correction of the billing error or explanation of why the billing error was not corrected." *See Langenfield v. Chase Bank USA*, 537 F. Supp. 2d 1181, 1193 (N.D. Okla. 2008).

In this case, Plaintiff's pleading fails to provide sufficient factual allegations to establish timely and adequate notice to Defendant that would trigger a creditor's FCBA compliance duties or to establish that Defendant failed to follow the procedures required by FCBA. Therefore, Plaintiff has failed to state a plausible FCBA claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, Plaintiff's allegations regarding Defendant's failure to correct her credit card account do not fall within the scope of Oklahoma's UCCC. *See* Okla. Admin. Code 160:45-1-1(a) ("Oklahoma does not have a Fair Credit Billing Act; thus, creditors in Oklahoma should recognize that regulation of fair credit billing requirements lies with federal authorities."). To the extent Plaintiff might rely on her allegation that Defendant advertised protection from fraud liability on its website to form the basis of a state law claim, the UCCC's civil liability statute does not apply to provisions that prohibit false or misleading advertising. *See* Okla. Stat. tit. 14A, § 5-203(1).

For these reasons, the Court finds that Plaintiff's pleading fails to state a claim against Defendant on which relief can be granted. The Court, however, will allow Plaintiff an

opportunity to amend her pleading, if she can do so consistent with Fed. R. Civ. P. 11(b). If Plaintiff fails to amend within the time allowed, this action may be dismissed with prejudice to refiling without further notice to Plaintiff.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 5] is GRANTED. Plaintiff may file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 5th day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE